UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WILLIE HUDNELL,

    Plaintiff,

vs.

DAYTON MUNICIPAL COURT, *et al.*,

    Defendants.

Case No. 3:22-cv-178

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain

---

**ORDER: (1) DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE (Doc. No. 3); AND (2) TERMINATING THIS CASE ON THE DOCKET**

---

Plaintiff Willie Hudnell, a resident of Dayton, Ohio, was previously granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Liberally construing Plaintiff's *pro se* complaint in his favor, *see McGhee v. Light,* 384 F.Supp.3d 894, 896 (S.D. Ohio, 2019), he brings this case under 42 U.S.C. § 1983 concerning (in part) events that occurred in his neighborhood, including his arrest and incarceration, on July 27 and 28, 2020. Doc. No. 3 at PageID 28. Defendants are the Dayton Municipal Court and the City of Dayton.

Plaintiff's complaint is presently before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, must be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B).

**I.**

Accepting Plaintiff's factual allegations as true and liberally construing his *pro se* complaint in his favor, *see McGhee,* 384 F.Supp.3d at 896, the following events occurred.

Plaintiff was arrested during a conflict he had with his neighbors on July 27, 2020. Doc.

No. 3 at PageID 27.  He was released from jail on July 28, 2020.  *Id*.  On the day of his arrest, Plaintiff was on his property when he noticed his neighbor and her daughter walking towards their car.  When Plaintiff made eye contact with his neighbor, she asked him, "what the hell [are you] looking at[?]"  *Id*.  Plaintiff responded, "Lady, go to hell."  *Id*.  According to Plaintiff, "that's what sparked everything."  *Id.*

Plaintiff's neighbor and her daughter walked onto his property, threatening and verbally bullying him.  *Id.*  Plaintiff explains, "As a result, I pulled out my gun to stop them and it worked[.] [W]ithout me pointing it at them or firing it, they back[ed] out of my yard."  *Id*.  Plaintiff aimed his gun toward the ground.  He believed this was the only way to stop them from approaching him "in a threatening violent manner."  *Id*.  After Plaintiff was arrested, he was released on July 28, 2020 on house arrest but was required to live with a relative.  *Id*.  He was prohibited from living in his own home.  *Id.*

Plaintiff further targets his neighbors' actions, broadly alleging that several incidents violated his civil rights.  *Id.* at PageID 28.  For example, some of Plaintiff's neighbors signed statements, which Plaintiff describes as "allied."[1]  *Id.*  Plaintiff recounts another incident concerning a Ham radio operator in his neighborhood who took him to court for interfering with his electronics.  *Id*.  This neighbor once told a judge that no one in the neighborhood liked Plaintiff because he always called the police.  *Id.*  Plaintiff did not care about this because he is a taxpayer, and the statement to the judge was made in 2019 or before.  *Id.*  Plaintiff believes that his neighborhood situation might be political because it appears to be about who is kin to whom.  *Id.*  He also asserts, "It appears to be black on black racism."  *Id.*

---

[1] The handwriting in the complaint is difficult to read.  *Id.* at PageID 28.  The word "allied" might also be read as "allies" or "alibis."  *Id.*

## II.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Adkins*, 487 U.S. 42, 48 (1988) (citations omitted). As noted above, an *in forma pauperis* complaint, or part of a complaint, is subject to *sua sponte* dismissal under § 1915(e)(2)(B) when it raises frivolous claims. "A complaint is frivolous only if the plaintiff fails to present a claim with 'an arguable basis either in law or in fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). A complaint lacks an arguable basis in law when it presents "'indisputably meritless' legal theories"; a complaint lacks an arguable basis in fact when it presents "'fantastic or delusional' allegations." *Id*. (quoting *Neitzke,* 490 U.S. at 327–28). Consequently, the review boils down to "whether [Plaintiff's] complaint makes an arguable legal claim and is based on rational facts." *Id*. at 923–24.

Even under this deferential standard of review, *see McGhee,* 384 F.Supp.3d at 896, Plaintiff fails to raise an arguable legal claim for a myriad of reasons. First, the Dayton Municipal Court lacks an independent legal existence and, consequently, is not an entity capable of being sued. *Hall v. GMS Mgt. Co., Inc*., No. 21-4210, 2022 WL 17858852, at *1, *3 (6th Cir. Aug. 11, 2022) (holding that the Barberton, Ohio Municipal Court "is not sui juris" (quoting *State ex rel. Cleveland Mun. Ct. v. Cleveland City Council*, 296 N.E.2d 544, 547 (Ohio 1973))). Second, Plaintiff's complaint does not allege facts, when taken as true, show the City of Dayton, through its policy or practice, "was the moving force behind" a violation of his constitutional rights. *See Memphis, Tn. Area Loc., Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 904 (6th Cir. 2004) (quoting *City of Canton v. Harris,* 489 U.S. 378, 379 (1989)). This analysis bars

3

Plaintiff's claims against the two Defendants named here, *i.e.*, the Dayton Municipal Court and the City of Dayton.

Third, to the extent Plaintiff seeks to raise a constitutional claim concerning his neighbors' conduct on July 27, 2020, his complaint fails to indicate that his neighbor or her daughter (or any of his neighbors, for that matter) acted under color of state law. "[Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (cleaned up). Fourth, to the extent Plaintiff's complaint seeks to recover for constitutional claims based on constitutional violations that occurred two years or more before he filed his complaint (on August 2, 2022), § 1983's two-year statute of limitations bars his claims. *See Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003).

## III.

For all the above reasons, Plaintiff's complaint is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B), and this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

July 6, 2023                                s/Michael J. Newman
                                            Hon. Michael J. Newman
                                            United States District Judge